# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JOSHUA STRICKLIN,                                                                                          PLAINTIFF
ADC #138119

v.                                                            5:18CV00199-JM-JTK

RORY GRIFFIN, et al.                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   Introduction

Plaintiff Joshua Stricklin is a state inmate who filed this 42 U.S.C. § 1983 action alleging Defendants violated his constitutional rights by denying grievances he filed concerning his work assignment. (Doc. No. 6) Defendants Woods and Does were dismissed on September 4, 2018 (Doc. No. 9)

Pending before the Court are Defendants' Motions for Summary Judgment, Briefs in Support, and Statements of Facts (Doc. Nos. 22-24, 26-28). Plaintiff filed a Response to the Motions (Doc. No. 32).

### II.   Facts

Plaintiff alleged he was assigned to work hoe squad while taking the medication Paxil. (Doc. No. 6, p. 5) He claimed the medication caused dizziness and impaired vision and placed him at risk of harm while performing his job. (Id.) Both Defendants Conley and Griffin responded to a grievance he filed about this issue, finding his complaint without merit, thus demonstrating a

callous disregard to his medical concerns and health and safety. (Id., pp. 5-6)

### III.    Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

Defendants ask the Court to dismiss Plaintiff's complaint against them for failure to exhaust his administrative remedies prior to filing his lawsuit, as required by the ADC grievance procedure, Administrative Directive (AD) 14-16 (Doc. Nos. 23-1, 28-1), and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Defendants present the Declaration of Shelly Byers, Medical Grievance Coordinator for the ADC, who states that to exhaust administrative remedies, an inmate must first file an informal resolution, a formal grievance, and then a grievance appeal to the Assistant and/or Deputy Director's level. (Doc. No. 23-1, p. 2; Doc. No. 28-1, p. 1)   The policy

also instructs inmates to specifically name each individual involved and include the date, place and substance of the issue, and explains that exhaustion at all levels is necessary prior to filing a § 1983 action. (Id.)   According to Byers, Plaintiff filed two grievances about working in the field while taking Paxil, Nos. CU-17-01411 and CU-18-00233. (Doc. No. 23-1, p. 1; Doc. No. 28-1, p. 2) Plaintiff exhausted CU-17-0411 but did not exhaust grievance CU-17-00233.(Id.) Defendants state that this grievance does not cover Plaintiff's allegations in the present complaint, because he bases the present complaint on Defendants' actions in denying that grievance, and he never filed a subsequent grievance complaining about Defendants' actions in denying that grievance.

In response, Plaintiff states that the exhausted grievance properly alerted prison officials to the nature of the problem. In addition, both Defendants oversee the medical grievance procedure and both Defendants denied his grievance. Plaintiff also states that he is not required to name an official in a grievance as long as the grievance alerted prison officials to the nature of the wrong at issue.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.   In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001).   In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette

4

v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

The PLRA requires "proper" exhaustion, which means "using all steps that the agency holds out, and doing so *properly*." Porter v. Nussle, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Porter, 548 U.S. at 90-91. In Burns v. Eaton, the Eighth Circuit Court of Appeals held that an inmate's failure to specifically name a defendant and grieve his conduct in a grievance he filed about the incident at issue, mandated that defendant's dismissal for failure to exhaust. 752 F.3d 1136, 1141 (8th Cir. 2014). In addition, in Champion v. Akins, the Court held that even if a defendant is named or identified in a grievance, an inmate's failure to explain the substance of the defendant's involvement in the incident, as set forth in the ADC grievance procedure, mandated

5

dismissal of that defendant for failure to exhaust. 498 Fed. Appx. 670 (8th Cir. 2013 (per curiam) (unpublished opinion).

In this case, it is clear that the actions Plaintiff complains about are the Defendants' findings of no merit to grievance CU-17-01411. However, he did not name or mention either of these Defendants in the body of that grievance, and he did not file a subsequent grievance specifically complaining about Defendants' actions in finding no merit to the grievance. Therefore, Plaintiff did not comply with the ADC grievance procedure, or the PLRA, by filing and exhausting a grievance against Defendants prior to the filing of this lawsuit. The Court also notes that Defendants' actions in responding to Plaintiff's grievance cannot support a constitutional claim for relief.  A "[prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates....it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (quoting Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982)). Therefore, the Court finds Plaintiff's Complaint against Defendants should be dismissed, for failure to exhaust his administrative remedies.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendants' Motions for Summary Judgment (Doc. Nos. 22, 26) be GRANTED, and Plaintiff's Complaint be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 19th day of February, 2019.



_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE